**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,      )
                               )
     v.                     )        ID No.     2209011322
                               )
ANTHONY JERIDO,        )
                               )
     Defendant.        )

## ORDER

On this 21st day of August, 2024, upon consideration of Anthony Jerido's ("Defendant") *pro se* Motion for Sentence Modification (the "Motion") made pursuant to Superior Court Rule of Criminal Procedure 35(b),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1. On April 26, 2023, Defendant pled guilty to Robbery in the Second Degree.[2] On May 10, 2023, the Court sentenced him to five years of Level V supervision, suspended after one year for eighteen months of Level III supervision.

2. On March 15, 2024, the Delaware Department of Correction (the "DOC") filed a violation of probation report ("VOP report") which stated that Defendant had violated the terms of his probation by (1) failing to report to his probation officer as

---

[1] D.I. 11. Defendant sent a letter to this Court, which the Court interprets as the Motion. He does not specifically cite to Rule 35(b) in the Motion, but he asks this Court to modify the terms of his sentence.

[2] D.I. 4.

directed on February 26, 2024, and March 4, 2024, and (2) testing positive for nonprescribed controlled substances on March 11, 2024.  On April 2, 2024, based on the DOC's VOP report, the Court found that Defendant had violated the terms of his probation and sentenced him to four years of Level V supervision, suspended for successful completion of Level IV substance abuse treatment, followed by one year of Level III outpatient treatment.  The sentence order does not mandate a particular facility for Defendant's periods of Level IV and Level III treatment.

3.  On May 13, 2024, Defendant filed the instant Motion, in which he asks the Court to modify his sentence to be served at the Banyan Treatment Center in Millsboro, Delaware.[3]  In support, he asserts that the Community Corrections Treatment Center program is stressful for him and is not preparing him to maintain sobriety.[4]

4.  Rule 35(b) authorizes this Court to "reduce the fine or term or conditions of partial confinement or probation, at any time."  A motion to modify the terms of partial confinement or probation is not subject to the ninety-day limitation that applies to a motion for sentence reduction.[5]  But the Court does not consider

---

[3] D.I. 11.
[4] *Id.*
[5] *State v. Harmon*, 2023 WL 7599111, at *1 (Del. Super. Nov. 14, 2023) (quoting *State v. Bailey*, 2017 WL 8787504, at *1 (Del. Super. Oct. 3, 2017)).

repetitive motions for sentence modification.[6] Defendant's Motion is his first motion for sentence modification in this case, so it is non-repetitive.

5. With this procedural requirement satisfied, Defendant bears the burden to show just cause to modify his sentence.[7] He has failed to satisfy that burden. In Delaware, courts are "generally very reluctant to interfere with the administration of prisons."[8] The administration of the State prison system falls "within the auspices of the Executive branch of our State government."[9] And "[i]nmates do not have a right to a particular prison classification."[10] The Court often takes a similar approach to criminal defendants' placement in Level IV rehabilitative and treatment programs. It is "wholly appropriate for the Court to leave such Level V (and Level IV) classification and placement decisions to the Department of Correction."[11]

---

[6] *Gladden v. State*, 2020 WL 773290, at *2 (Del. Feb. 17, 2020) (affirming denial of second motion for sentence modification for repetitiveness).

[7] *State v. Garvin*, 2022 WL 3081440, at *2 (Del. Super. Aug. 3, 2022) (quoting *State v. Joseph*, 2018 WL 1895697, at *1 (Del. Super. Apr. 11, 2018)) ("The burden is upon the movant to establish cause to modify a lawfully imposed sentence.").

[8] *State v. Goodman*, 2010 WL 547394, at *2 (Del. Super. Feb. 9, 2010) (quoting *Riley v. Taylor*, 1999 WL 41279, at *3 (Del. Super. Jan. 6, 1999)).

[9] *Id.* Placement within the prison system is traditionally "the business of prison administrators, rather than of the courts." *Samans v. Dep't Corr.*, 2015 WL 1421411, at *2 (Del. Mar. 27, 2015) (quoting *Bagwell v. Prince*, 1996 WL 470723, at *2 (Del. Aug. 9, 1996)).

[10] *Samans*, 2015 WL 1421411, at *2.

[11] *State v. Davis*, 2021 WL 2433135, at *3 (Del. Super. June 15, 2021).

3

Defendant's Motion fails to present just cause for the Court to require that Defendant be treated at the specific facility he has requested.

6. After reviewing the Motion, sentence, and record in this case, the Court finds no just cause for sentence modification. Defendant's sentence is appropriate for all the reasons stated at the time of sentencing. Accordingly, Defendant's Motion is **DENIED.**

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

4